**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROMA O. AMOR, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CIV 06-499-TUC-CKJ |
| | ) |
| | ) **ORDER** |
| STATE OF ARIZONA, et al., | ) |
| Defendants. | ) |
| | ) |

Dismissed Defendant Jill Plevell ("Plevell") has lodged a proposed judgment and has requested this Court enter judgment in her favor and against Plaintiff Roma O. Amor ("Amor") pursuant to the Court's December 18, 2007, Order.[1] Amor has responded to this request and Plevell has filed a reply.

When more than one claim for relief is presented in an action, or when multiple parties are involved, entry of final judgment as to one or more but fewer than all of the claims or parties is appropriate "only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of

---

[1]The Court will refer to the Order as the December 28, 2007, Order. *See* CJS Motions § 59 ("Orders are generally, if not universally, ineffective unless and until they are properly and publicly enrolled. . . . That is to say, an order is rendered only when it is filed with the clerk of the court."); *see also* CJS Motions § 62 (if an order is formally prepared, signed by the judge, and filed with the clerk it is "deemed to be entered").

overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n. 2 (9th Cir. 2004) ("in the interest of judicial economy Rule 54(b) should be used sparingly").

"The burden in on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993), *citation omitted*. A court must determine whether a decision is final and, in determining whether there is no just reason for delay, a "district court must take into account judicial administrative interests as well as the equities involved . . . to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7-9, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), *citation omitted*. Courts can also consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. at 9. Similar legal and factual issues between the parties' claims "will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989), *citation omitted*. Furthermore, the Ninth Circuit has stated that "[w]e cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005).

Plevell asserts that there is no just reason for delay of entry of judgment because the dismissal of her as a defendant is unique and separable from the other defendants. Amor asserts that granting Plevell's request would impose *res judicata* and statute of limitation roadblocks to her efforts to pursue remedies. However, these possible roadblocks could be resolved on appeal. Amor appears to be further arguing that, as exhibited in *Beltran v. Santa*

*Clara County*, 514 F.3d 906 (9th Cir. 2008) (en banc), a party's entitlement to absolute immunity, may be modified. However, the doctrine of absolute immunity is applicable to Plevell. *See e.g.,* 15 Am. Jur. 2d Civil Rights § 105 (2008) (absolute judicial immunity is also afforded officials acting at the behest of a judge or as an arm of the court); *see also Morstad v. DCR*, 147 F.3d 741 (8th Cir. 1998); *Dolin on Behalf of N.D. v. West*, 22 F.Supp.2d 1343 (M.D.Fla. 1998), aff'd, 207 F.3d 661 (11th Cir. 2000). The possibility of a change in that law does not lead to a conclusion that an appellate court would have to decide any issue more than once. Although Amor asserts that piecemeal appeals would be an inefficient use of judicial resources, the legal issue presented by the dismissal of Plevell is not similar to other dismissed defendants (i.e., no other defendants are alleged to have completed a custody evaluation). Moreover, the factual allegations as to Plevell are not comparable to allegations as to other defendants.

The decision against Plevell is final. Further, the Court finds the issue presented by the dismissal of the claims against Plevell is separable from the other issues remaining to be adjudicated. Further, no appellate court would have to decide the same issues more than once even if there are subsequent appeals. Nonetheless, Plevell has not presented any *pressing need* for an early and separate judgment. Plevell has not made any argument, besides one based on convenience, as to why a further delay would be a burden. The Court finds Plevell has failed to sustain her burden to establish that this is an unusual case that warrants Fed.R.Civ.P. 54(b) certification; this is not the rare case the justifies permitting "piecemeal appeals." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991).

Accordingly, IT IS ORDERED Plevell's request for Fed.R.Civ.P. 54(b) certification [Doc. # 138] is DENIED.

DATED this 27th day of February, 2009.

_____
Cindy K. Jorgenson
United States District Judge

- 3 -