**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ROMA O. AMOR,           )    No. CV-06-499-TUC-CKJ
                           )
        Plaintiff,     )
                           )    **ORDER**
vs.                      )
                           )
STATE OF ARIZONA, et al.,   )
                           )
        Defendants.   )
                           )
_____)

      Pending before the Court are Plaintiff Roma O. Amor's ("Amor") Motion to Appoint Counsel/Next Friend and to Extend Time to File Motion for Reconsideration [Doc. # 150], Motion for Reconsideration [Doc. # 157], Motion to Unseal Docs 66 & 67 Notice of Submission Into the Record [Doc. # 177], Motion to Unseal Documents 99, 100, 101 & Request for Judicial Notice [Doc. # 187], Plaintiff's Waiver of Service & Request for Leniency on Filing Deadlines [Doc. # 193], Plaintiff's Motion for Leave to Supplement Pleadings and Name Proper Parties for Partial Reconsideration; Memorandum of Points and Authorities [Doc. # 200], Plaintiff's Motion for Leave to Amend Clarify &/or Amend Causes of Action (*Sec 504 Rehabilitation Act, 29 U.S.C. § 794 et seq*) Memorandum of Points & Authorities [Doc. # 204], Plaintiff's Motion for ECF Registration & Electronic Notification [Doc. # 206], Plaintiff's First Motion to Extend Time for Service Upon Defendants Coughlin & Wells Memorandum of Points & Authorities [Doc. # 207], Plaintiff's Motion for Equitable Relief and Damages [Doc. # 214], Plaintiff's Motion for Injunctive & Declaratory Relief &

for Monetary Damages [Doc. # 215], Plaintiff's Reply to Oppositions & Motion to Strike [Doc. # 216], and Plaintiff's Cross-Motion to Enjoin Defendants from Collective Abusive Litigation Tactics [Doc. # 222].

Additionally, Defendant Dodds has filed a Motion to Dismiss [Doc. # 149] and a Request for Oral Argument Re Motion to Dismiss [Doc. # 190]. Defendant Arizona Department of Economic Security ("ADES") has filed a Motion for Extension of Time to Answer Third Amended Complaint [Doc. # 163], an Emergency Motion for Stay of Case Proceedings (Contingent Upon Budget) [Doc. # 182] and a Notice of Withdrawal of Motion for Emergency Stay [Doc. #185]. Defendant Goodsite has filed a Motion to Require Preliminary Expert Affidavit Pursuant to A.R.S. § 12-2603(D) [Doc. # 167]. Defendant Coughlin has filed a Motion to Dismiss for Insufficiency of Service of Process [Doc. # 195]. Defendant Baker has filed a Request for Order Requiring Pre-filing Screening of Plaintiff's Subsequent Filings [Doc. # 217].

## I. PROCEDURAL BACKGROUND

On February 27, 2009, this Court issued an Order [Doc. # 143] screening the Third Amended Complaint ("TAC") filed by Roma A. Amor ("Amor"). The United States Marshal's Office was directed to serve the summons and TAC upon the remaining Defendants and directed these Defendants to answer those counts which, liberally construed, stated a claim. All Defendants have answered or otherwise filed appropriate responsive pleadings, except for the Arizona Department of Economic Security defendants who sought an extension of time to file their Answer pending resolution of Plaintiff's Motion for Reconsideration.

## II. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

The Court may request an attorney to represent a person proceeding in forma pauperis who is unable to employ counsel. 28 U.S.C. § 1915(d). The Court does not have the power

to make a mandatory appointment of counsel, but allows the Court to request assistance from volunteer counsel. *Id.*; *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986).

The Court finds the Application to Proceed In Forma Pauperis previously filed in this case supports a finding that Amor does not have the resources to hire an attorney. In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988), quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (court may ask counsel to represent indigent litigant under § 1915 only in "exceptional circumstances"). Amor acknowledges that this rule is the appropriate standard; however, she has not provided any further information to support her assertion of a likelihood of success. As such, Amor cannot show a likelihood of success, only a dispute.

Moreover, the Court finds that Amor's difficulty in presenting her claims *pro se* is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se. See generally Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Amor has done a credible job in filing the claims, presenting motions and filing supporting papers on behalf of her case. *Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir. 1986). Moreover, there is no evidence before this Court that Amor is incompetent. The Court declines to seek volunteer counsel at this time.

However, the Court notes that the assistance of counsel may be appropriate if this matter is set for trial. *See e.g., Reynolds v. Foree*, 771 F.2d 1179 (8th Cir. 1985); *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). The Court will deny the Motion for Appointment of Counsel [Doc. # 150]. In the event this matter is scheduled for trial, Amor may resubmit her Motion for Appointment of Counsel. Furthermore, the Court will accept Amor's Motion for Reconsideration [Doc. #157] as timely filed, thereby granting her request for an extension of time.

. . .

- 3 -

# III.   PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of this Court's February 27, 2009 Screening Order [Doc. # 143] dismissing some claims and defendants.  Specifically, Plaintiff objects to the Court's dismissal of 1) her § 1983 claims against Defendants Goodsite and Rohr; 2) her claims against City Municipal and State Supervisory Defendants; and 3) her Loss of Consortium claims.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g).  Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  Further, mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

   A.   *Section 1983 Claims Against Goodsite and Rohr.*

Amor asserts that Defendant Goodsite was "'a willful participant jointly engaged in the challenged action with the State and its agents,' act[ing] 'Under Color of Law' for purposes of § 1983 violations." Pl.'s Mot. for Recons. [Doc. # 157] at 4 (citations omitted).  Arizona state law requires specified "person[s] who reasonably believes that a minor is or has been the victim of physical injury, abuse, child abuse, a reportable offense or neglect . . . ." to report the information to CPS or a peace officer. A.R.S. § 13-3620(A)  A person

includes "[a]ny physician . . . who develops the reasonable belief in the course of treating a patient." A.R.S. § 13-3620(A)(1). In her Complaint and other filings, Amor objects to Defendant Goodsite filing a report with the Child Protective Services ("CPS") hotline, not that the mandatory reporting statute is invalid. Such a failure "to challenge any rule of conduct or decision for which the State was responsible . . . [cannot] support a claim of state action[.]" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 n. 18, 102 S.Ct. 2744, 2752 n. 18, 73 L.Ed.2d 482 (1982). Moreover, "the mere fact that the government compelled a result does not suggest that the government's action is 'fairly attributable' to the private defendant." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 838 (9th Cir. 1999). A private party may be deemed a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937, 102 S.Ct. at 2754. "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id.* Additionally, Defendant Goodsite's conduct "ultimately turn[ed] on medical judgments made by private parties according to professional standards that are not established by the State." *Blum v. Yaretsky*, 457 U.S. 991, 1008, 102 S.Ct. 2777, 2788, 73 L.Ed.2d 534 (1982).

Furthermore, Amor has failed to allege any facts sufficient to indicate a conspiracy between Defendant Goodsite and any of the State Defendants. A conspiracy is "[a]n agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective[.]" *Black's Law Dictionary* (8th Ed. 2004). There is no evidence of any "meeting of the minds" between Defendant Goodsite and any of the State Defendants. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citations omitted). As such, Amor cannot maintain a § 1983 cause of action against Defendant Goodsite.

With regard to Defendant Rohr, Amor has failed to state a cause of action pursuant to § 1983. Defendant Rohr was appointed counsel for Amor in the juvenile court proceedings. Relying on United States Supreme Court precedent, the Ninth Circuit has

unequivocally recognized that an attorney "representing a client in the lawyer's traditional adversarial role [is] not a state actor." *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). In representing a client, an attorney enters "into an attorney-client relationship that place[s] him in a role that exempts him from liability under § 1983 as a state actor." *Id.* at 469. Furthermore, Amor has failed to allege facts sufficient to indicate a conspiracy between Defendant Rohr and any of the State Defendants. Accordingly, Amor cannot maintain a § 1983 cause of action against Defendant Rohr.

   B.   *Section 1983 Claims Against City Municipal and State Supervisory Defendants.*

   In support of her claims against City Municipal and State Supervisory employees, Amor cites to a section of the Tucson Police Department ("TPD") General Operating Procedures and alleges that it is unconstitutional.[1] Pl.'s Mot. for Recons. [Doc. # 157] at 13. As this Court recognized in its February 27, 2009 Screening Order [Doc. # 143], the Ninth Circuit Court of Appeals has stated:

> Government officials are required to obtain prior judicial authorization before intruding on a parent's custody of her child unless they possess information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'"

*Mabe v. San Bernardino County Dept. of Public Social Services*, 237 F.3d 1101, 1106 (9th Cir. 2001) (citations omitted). Nothing in the TPD procedures cited by Amor runs afoul of this mandate. "[A]bsent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence[,]" Amor's motion for reconsideration will be denied. LRCiv. 7.2(g). Amor has

---

[1] Amor cites "TPD General Operating Procedures, 2600 Investigating Protocols" as stating: "Sec. 2622.1 A child may be taken into temporary custody under the following conditions: Suspicion of physical abuse, Suspicion of neglect." Pl.'s Mot. for Recons. [Doc. # 157] at 13. The Court's own research could not find evidence of this section in the Tucson Police Department Investigative Protocols; however, for purposes of Amor's motion the Court will accept this policy as true.

failed to allege any new facts or legal authority sufficient to allege § 1983 claims beyond those recognized by this Court in its February 27, 2009 Screening Order [Doc. # 143].

      C.     *Loss of Consortium Claim.*

Amor asserts that her loss of consortium claim should be reinstated. In support of this argument, she cites Arizona law recognizing a claim for loss of consortium based on psychological injury. Pl.'s Mot. for Recons. [Doc. # 157] at 14-15. The Arizona Supreme Court has recognized a loss of consortium claim for spouses based upon psychological injury. *Barnes v. Outlaw*, 192 Ariz. 283, 285, 964 P.2d 484, 486 (1998). Such a claim, however, is a derivative claim, and "all elements of the underlying cause must be proven before the claim can exist." *Id.* (citations omitted). Even if this Court were inclined to extend that Arizona Supreme Court holding to include recovery for psychological injuries based on a loss of consortium claim to minors, Amor has failed to state an underlying claim upon which relief can be granted. As such, the dismissal of Amor's loss of consortium claims was proper.

Additionally, the Court notes that Amor's reliance on Article 18, Section 6 of the Arizona Constitution is misplaced. That section, the anti-abrogation clause, prohibits enactment of statutes or regulations that "so affect the fundamental right to sue for damages as to effectively deprive the claimant of the ability to bring the action." *Duncan v. Scottsdale Medical Imaging, Ltd.*, 205 Ariz. 306, 313, 70 P.3d 435, 442 (2003). Amor confuses abrogation with failing to state a claim upon which relief can be granted. Amor has demonstrated her right to sue, but has not sufficiently stated a loss of consortium claim upon which relief can be granted.

## IV.    DEFENDANT DODDS'S MOTION TO DISMISS

Defendant Dodds seeks dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, of the remaining claims against him. Defendant Dodds asserts that the assault

claim and the intentional infliction of emotional distress claim are both time barred.[2]  Def. Dodds's Mot. to Dismiss [Doc. # 149] at 1.  As an initial matter, the Court notes that in its February 27, 2009 Screening Order [Doc. # 143] the intentional infliction of emotional distress claims against Defendant Dodds were dismissed for a failure to state a claim upon which relief can be granted.  Order 2/27/09 [Doc. # 143] at 36.  Therefore, the only claim remaining against Defendant Dodds is the assault claim.

"The purpose of a statute of limitation is 'to prevent assertion of stale claims against a defendant.'" *Azer v. Connell*, 306 f.3d 930, 936 (9th Cir. 2002) (citations omitted). "Statutes of limitation are primarily designed to assure fairness to defendants and to promote the theory that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1049 (9th Cir. 2008) (quotations omitted).  It is well-established law that federal courts must apply the applicable statute of limitations period of the state in which the claim arose. *Musick v. Truett*, 623 F.2d 89, 90 (9th Cir. 1980).  Arizona law provides that personal injury actions, *e.g.* assault, "shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward[.]" A.R.S. § 12-542.

Here, Amor's alleged claims arose in March of 2003, more than three years before this cause of action was filed.  As such, her assault claim against Defendant Dodds in time barred and shall be dismissed.[3]

---

[2]In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f).  The facts and legal arguments have been adequately presented in the briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.  As such, the Court will deny Defendant Dodds's request for oral argument [Doc. # 190].

[3]The Court notes that there is no evidence that Dodds was a state actor for purposes of a § 1983 claim, and therefore has considered the limitations on the state law tort causes of action independently.

## V. DEFENDANT ADES'S MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER

Defendant ADES seeks an extension of time to file its Answer pending resolution of Amor's Motion for Reconsideration. That motion having been resolved in this Order, Defendant ADES's request is granted and it shall file an Answer within thirty (30) days from the date of this Order.

## VI. DEFENDANT GOODSITE'S MOTION FOR PRELIMINARY EXPERT AFFIDAVIT PURSUANT TO A.R.S. § 12-2603(D)

Defendant Goodsite seeks an Order requiring Amor to produce a preliminary expert affidavit pursuant to A.R.S. § 12-2603(D).[4] As an initial matter, this Court must determine whether the *Erie*[5] doctrine and subsequent United States Supreme Court precedent bar reliance on Arizona's preliminary expert affidavit statutes.

### A. *Erie Analysis.*

#### 1. Overview

In the landmark decision *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the United States Supreme Court overturned the doctrine of *Swift v. Tyson*, 16

---

[4]Section 12-2603(D), Arizona Revised Statutes states:

If the claimant or the party designating the nonparty at fault or its attorney certifies that expert testimony is not required for the claim or designation and the claimant, the health care professional or designated nonparty at fault disputes that certification in good faith, the claimant, the health care professional or the designated nonparty at fault may apply by motion to the court for an order requiring the claimant or the party designating the nonparty at fault to obtain and serve a preliminary expert opinion affidavit under this section. In the motion, the claimant, the health care professional or the designated party at fault shall identify the following:
  1. The claim for which it believes expert testimony is needed.
  2. The prima facie elements of the claim.
  3. The legal or factual basis for its contention that expert opinion testimony is required to establish the standard of care or liability for the claim.

[5]*Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Pet. 1, 10 L.Ed. 865 (1942). The *Swift* doctrine allowed "federal courts exercising jurisdiction on the ground of diversity of citizenship need not, in matters of general jurisprudence, apply the unwritten law of the state as declared by its highest court; that they are free to exercise an independent judgment as to what the common law of the state is – or should be; and that . . . 'the true interpretation of the 34th section[6] limited its application to state laws, strictly local[.]'" *Erie*, 304 U.S. at 71, 58 S.Ct. at 819 (quoting *Swift v. Tyson*, 16 Pet. 1, 18, 10 L.Ed. 865 (1942)). The *Erie* court recognized that the *Swift* doctrine "introduced grave discrimination by noncitizens against citizens" in diversity of citizenship cases, where "jurisdiction was conferred in order to prevent apprehended discrimination in state courts against those not citizens of the state." *Id.* at 74, 58 S.Ct. at 820. Thus, "[i]n attempting to promote uniformity of law throughout the United States, the doctrine had prevented uniformity in the administration of the law of the state." *Id.* at 75, 58 S.Ct. at 821. Accordingly, the *Erie* court held that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Id.* at 78, 58 S.Ct. at 822.

Subsequently, the Court addressed "the narrow question, whether, when no recovery could be had in a State court because the action is barred by the statute of limitations, a federal court in equity can take cognizance of the suit because there is diversity of citizenship between the parties." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 107, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945). The *York* court described the policy underlying the *Erie* doctrine as one "that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result." *Id.* at 109, 65 S.Ct. at1470. Holding that the *Erie* doctrine applies to suits

---

[6]Section 34 of the Federal Judiciary Act of September 24, 1789, c. 20, 28 U.S.C. § 725 which provides:
  The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.

in equity as well as at law, the Court stated "Congress afforded out-of-State litigants another tribunal, not another body of law." *Id.* at 112, 65 S.Ct. at 1471.

In *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), the Court stepped back from a strict outcome-determinative approach. Rather, the Court considered "whether a particular rule was 'bound up with [state-created] rights and obligations in such a way that its application in federal court is required." *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996) (quoting *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 535, 78 S.Ct. 893, 899, 2 L.Ed.2d 953 (1958)). Accordingly, the inquiry became "whether the federal policy . . . should yield to the state rule in the interest of furthering the objective that the litigation should not come out one way in the federal court and another way in the state court. *Byrd*, 356 U.S. at 538, 78 S.Ct. at 901.

The Court again addressed the *Erie* doctrine in consideration of whether "service of process [is] to be made in the manner prescribed by state law of that set forth in Rule 4(d)(1) of the Federal Rules of Civil Procedure" where federal jurisdiction of a civil case is based on diversity of citizenship. *Hanna v. Plumer*, 380 U.S. 460, 461, 85 S.Ct. 1136, 1138, 14 L.Ed.2d 8 (1965). The *Hanna* court reiterated that where there is no Federal Rule on point, *Erie* dictates the enforcement of state law. *Id.* at 470, 85 S.Ct. at 1143. Yet, "[t]he 'outcome-determination' test [] cannot be read without reference to the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. at 1142. As such, even though application of the Federal Rule would result in a different outcome than its state law counterpart, when there is Federal Rule on point, it must control. *Id.* at 473-74, 85 S.Ct. at 1145.

*Erie* and its progeny specifically addressed the application of state law where federal jurisdiction was based upon diversity of citizenship. The same principles apply, however, where a federal court exercises supplemental jurisdiction over state law claims. 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure 2d* §

4520 (1996); *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### 2. Relationship Between State and Federal Rules

"The first question must [] be whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 639 (1980).

### a. A.R.S. § 12-2603.

The Arizona legislature declared the purpose of A.R.S. § 12-2603 "is to curtail the filing of frivolous lawsuits against health care professionals and the filing of frivolous nonparty at fault designations by health care professionals." Laws 2004, Ch. 4 § 2. As such, the legislature evinced support of a policy to curtail rising medical costs related to malpractice insurance and litigation.[7]

Section 12-2603 requires that a party asserting a claim against a health care professional "shall certify in a written statement that is filed and served with the claim or the designation of nonparty at fault whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(A). In cases where a party certifies an expert is needed, the preliminary expert opinion affidavit shall contain the following:

> 1.　　The expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim.

> 2.　　The factual basis for each claim against a health care professional.

---

[7]"From 1976 to 1989, Arizona medical malpractice claimants were obliged to submit their claims to medical liability review panels before advancing beyond the complaint in the superior court." *Hunter Contracting Co., Inc. v. Superior Court*, 190 Ariz. 318, 323, 947 P.2d 892, 897 (Ct. App. 1997) (citing A.R.S. § 12-567 (Supp. 1976-77) (repealed by Laws 1989, ch. 289, § 1). Prior versions of the current statute mandated submission of a preliminary expert witness affidavit early in the litigation. Consistently, the legislative intent has been to screen for non-meritorious claims early in the litigation in an effort to reduce increasing medical costs.

3. The health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.

4. The manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

A.R.S. § 12-2603(B). If the claimant certifies that expert witness testimony is not required, the health care professional may move for a court order requiring service of a preliminary expert opinion affidavit. A.R.S. § 12-2603(D). Section 12-2603(D) further provides that:

[i]n the motion, the claimant, the health care professional or the designated nonparty at fault shall identify the following:

1. The claim for which it believes expert testimony is needed.

2. The prima facie elements of the claim.

3. The legal or factual basis for its contention that expert opinion testimony is required to establish the standard of care or liability for the claim.

A.R.S.§ 12-2603(D). An "expert" is defined as "a person who is qualified by knowledge, skill, experience, training or education to express an opinion regarding a licensed health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(H)(2).

"After considering the motion and any response, the court shall determine whether the claimant . . . shall comply with this section." A.R.S. § 12-2603(E). Moreover, "The court on its own motion or the motion of the health care professional . . ., shall dismiss the claim against the health care professional . . . without prejudice if the claimant . . . fails to file and serve a preliminary expert opinion affidavit after . . . the court has ordered the claimant . . . to file and serve an affidavit." A.R.S. § 12-2603(F).

**b. Federal Rule of Civil Procedure 26.**

Rule 26, Federal Rules of Civil Procedure, governs discovery in civil litigation. The primary purpose for the discovery rules is to promote full disclosure of all facts to aid in fair, prompt and inexpensive disposition of lawsuits. *Woldum v. Roverud Const. Inc.*, 43 F.R.D. 420 (D. Iowa 1968). Expert testimony must be disclosed pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure. Parties must only disclose the "identity of any [expert] witness *it may use at trial* to present evidence." Fed. R. Civ. P. 26(a)(2)(A). The time for such

disclosure shall occur "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).  Absent a court order or stipulation, the disclosure must occur "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure." *Id.*

### c. Federal Rule of Civil Procedure 11.

Rule 11, Federal Rules of Civil Procedure, provides:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  This rule further allows for the court, either on its own initiative or on motion for sanctions by a party, to impose sanctions sufficient to deter repetition of the conduct.  Fed. R. Civ. P. 11(c).  "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (citations omitted).

. . .

. . .

. . .

- 14 -

### d. Analysis.

Although the Federal Rules of Civil Procedure provide a mechanism for the disclosure of testifying expert witnesses and sanctions for frivolous claims,[8] the Arizona rule mandates for early disclosure of a preliminary expert, who need not testify at trial, evidencing support plaintiff's medical malpractice claims. The Arizona state legislature has evinced a clear policy to curtail "frivolous medical malpractice lawsuits by imposing a stricter standard of pleading and setting deadlines for the early involvement of plaintiff's expert witness." *Gorney v. Meaney*, 214 Ariz. 226, 229, 150 P.3d 799, 802 (Ct. App. 2007). Moreover, "a statute that would completely bar recovery in a suit if brought in a State court bears on a State created right vitally and not merely formally or negligibly." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

Here, if Amor had brought her claim in state court and was unable to provide a preliminary expert affidavit pursuant to A.R.S. § 12-2603, her claims against Dr. Goodsite would be dismissed. If this Court does not apply A.R.S. § 12-2603, Defendant Goodsite would automatically have to participate in the discovery process. This result, based solely on Amor's choice of forum, is inequitable. Allowing such a procedure "would promote the choice of United States rather than state courts in order to gain the advantage of different laws." *York*, 326 U.S. at 111, 65 S.Ct. at 1471. The states have a "systemic interest[] in . . . being able to develop coherent policies governing medical malpractice liability." *Bledsoe v. Crowley*, 849 F.2d 639, 646 (D.C. Cir. 1988) (J. Williams, concurring). Accordingly, "a state that seeks to reduce medical costs by reducing the burden of malpractice liability must be able to assure providers that the state's rule will actually apply to all (or virtually all) cases." *Id.* Therefore, because the Federal Rules are not sufficiently broad to cover the issue

---

[8]The Federal Rules of Civil Procedure also provide a mechanism for sanctions due to discovery violations. *See* Fed. R. Civ. P. 37. The Court does not consider the applicability of this Rule in the instant case, because A.R.S. § 12-2603 mandates early disclosure of a preliminary expert affidavit. Thus, although discovery sanctions are potentially available to litigants, they do not arise until much later in the course of litigation.

before this Court, and in furtherance of the twin aims of *Erie*, A.R.S. § 12-2603 is applicable to this cause of action.

        *B.     Preliminary Expert Affidavit Against Defendant Goodsite.*

Amor previously certified that expert witness testimony is not necessary, because the "[s]tandards, breaches of duty, and cause of damage are so blatantly obvious that it would be common to the average lay person and even to reasonable members of a jury or the common public." Pl.'s Statement Re Expert Opinion at 2 [Doc. # 145]. It is well-established law in Arizona that "[t]he general rule in a medical malpractice case is that it is incumbent on the plaintiff to establish negligence on the part of a physician or surgeon by expert medical testimony." *Tessitore v. McGilvra*, 105 Ariz. 91, 93, 459 P.2d 716, 718 (1969). "Whether a physician breaches a duty by falling below the accepted standard of care is ordinarily shown by expert medical testimony." *Barrett v. Harris*, 207 Ariz. 374, 380, 86 P.3d 954, 960 (Ct. App. 2004) (citations omitted). Moreover, Amor "must prove the causal connection between an act or omission and the ultimate injury through expert medical testimony." *Id.* at 378, 86 P.3d at 958. Contrary to Amor's claims, there is no "financial hardship" exception to the preliminary expert affidavit rule.[9]

Here, Amor alleges that Defendant Goodsite cut the child during treatment, and that this injury constitutes abuse. Amor further alleges that Defendant Goodsite and/or his employees had repeated conversations with CPS to arrange for the seizure of the child pursuant to the mandatory reporter statute. *See* A.R.S. § 13-3620(A). "A fiduciary relationship is a confidential relationship whose attributes include 'great intimacy, disclosure of secrets, [or] intrusting of power." *Standard Chartered, PLC v. Price Waterhouse*, 190 Ariz. 6, 24, 945 P.2d 317, 335 (Ct. App. 1996) (*recons. den.* 1/13/97; *rev. den.* 10/21/97)

---

[9]The Arizona Supreme Court found a prior version of the preliminary expert affidavit rule as violative of the Arizona State Equal Protection Clause because it required a plaintiff to hire an expert and file the affidavit at the time of filing of the complaint irrespective of whether an expert would be necessary at trial. *See Hunter Contracting Co. v. Superior Ct.*, 190 Ariz. 318, 947 P.2d 892 (1997).

(quotations omitted). Because a breach of fiduciary duty claim arises from the relative power and control of the parties in the doctor-patient relationship, it is synonymous to a medical malpractice claim. *See Kiley v. Jennings, Strouss & Salmon*, 187 Ariz. 136, 140, 927 P.2d 796, 800 (Ct. App. 1996) (breach of fiduciary duty claim by client against attorney is a legal malpractice claim).

Whether Defendant Goodsite breached the applicable standard of care in his treatment of the child, whether this treatment constituted abuse and whether Defendant Goodsite breached his fiduciary duty are not questions whose answers are blatantly obvious to a lay person. Accordingly, Amor must file and serve a preliminary expert affidavit pursuant to A.R.S. § 12-2603 on or before **April 15, 2010**.[10]

## VII.   MOTIONS TO UNSEAL DOCUMENTS

Amor seeks to unseal documents she previously requested, and was granted, leave to file under seal. Included in this request are documents 66, 67, 99, 100, and 101. Amor has failed to provide the Court with any reason that the harm originally alleged in her motions to file these documents under seal has now abated. The Court notes that Amor can include the sealed documents in any necessary pleadings by incorporating them by reference.[11] Amor is further advised that she was previously ordered by this Court to provide copies of all

---

[10]Pursuant to A.R.S. § 12-2603 "[t]he preliminary expert opinion affidavit shall contain at least the following information:
   1.   The expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim.
   2.   The factual basis for each claim against a health care professional.
   3.   The health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.
   4.   The manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

[11]Amor is advised a simple line in the pleading stating that the sealed document, including document number, is incorporated by reference is sufficient.

sealed documents to the parties.  Order 2/27/09 at 41 [Doc. # 143].  If copies have not been previously provided, Amor is directed to comply or risk sanctions.  Accordingly, Amor's Motion to Unseal Docs 66 & 67 Notice of Submission Into the Record [Doc. # 177] and Motion to Unseal Documents 99, 100, 101 & Request for Judicial Notice [Doc. # 187] are DENIED.

## VIII.  ADES MOTION FOR STAY

Defendant ADES's Notice of Withdrawal of Motion for Emergency Stay [Doc. # 185] is granted.  Defendant ADES's Emergency Motion for Stay of Case Proceedings (Contingent Upon Budget) [Doc. # 182] is deemed withdrawn.

## IX.  REQUEST FOR LENIENCY ON FILING DEADLINES

Amor seeks this Court's order granting "leniency on filing deadlines."[12]  Rule 6(b), Federal Rules of Civil Procedure, provides a mechanism for extending time.  It states in relevant part:

(1) *In General.*  When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).  The methods for extending time provided by Rule 6(b), Fed. R. Civ. P., are adequate for Amor's purposes.  In the event Amor seeks to extend the time, she must provide the Court with **specific facts** in support of her motion.  A general statement to the effect that Defendants continue to violate her constitutional rights is insufficient.

---

[12]Amor also "waives service of documents."  This waiver, however, is improper.  Rule 4, Federal Rule of Civil Procedure governs service of the Complaint (and amendments thereto), while Rule 5, Fed. R. Civ. P., governs service of other documents.  At this point in the litigation, Amor should look to Rule 5, Fed. R. Civ. P., and note that waiver is not an option.

Accordingly, Plaintiff's Waiver of Service & Request for Leniency on Filing Deadlines [Doc. # 193] is DENIED.

## X. DEFENDANT COUGHLIN'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS

Defendant Coughlin moves for dismissal of the claims against her due to insufficient service of process. This Court's February 27, 2009 Order directed Amor to "complete and return the service packet, with the addition of the A.R.S. § 12-2602(A) written statement, to the Clerk of Court within 20 days of the date of the filing of this Order." Order 2/27/09 at 45 [Doc. # 143]. The Order went on to warn that:

> A Defendant may be dismissed from this action, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if Amor does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later.

Order 2/27/09 at 45 [Doc. # 143]. Pursuant to this Court's Order, Amor was to effect service of process on or before April 28, 2009. It is undisputed that Defendant Coughlin was not served until October 8, 2009. Amor offers no explanation for her failure to comply with Rule 4, Federal Rules of Civil Procedure, and this Court's Order. Although she notes that the original documents provided to the United States Marshals had the incorrect address for Defendant Coughlin, Amor fails to provide any information about when she received notice from the Marshals about the error, what steps she took to correct it, and when those steps were made. There is no evidence in the record before this Court that Defendant Coughlin evaded service. Indeed, the record suggests that she attempted to assist Amor in effecting proper service.

This Court is mindful of the need to treat pro se litigants with leniency. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). This Court has liberally construed Amor's pleadings, given her several opportunities to effectively plead her claims, and warned her of the consequences of non-compliance in terms that a layperson could understand. Amor failed to serve Defendant Coughlin for one hundred and sixty-three

(163) days after the deadline set by this Court. It is undisputable that continued protraction of the instant case would prejudice Defendant Coughlin. Moreover, the burden to effect service is upon the Plaintiff. Fed. R. Civ. P. 4(c)(1). Amor has failed to demonstrate good cause for extending the time to serve Defendant Coughlin. *Cf. White v. SKF Aerospace, Inc.*, 768 F.Supp. 498 (E.D. Pa. 1991) (insufficiency of service of process by plaintiff is grounds for dismissal of Second Amended Complaint). Moreover, this Court, in its discretion, refuses to further extend the time for service. Accordingly, Defendant Coughlin's Motion to Dismiss for Insufficiency of Service of Process [Doc. # 195] is GRANTED.

## XI. PRELIMINARY EXPERT AFFIDAVITS PURSUANT TO A.R.S. § 12-2602

Amor's certification that expert witness testimony is not necessary because the "[s]tandards, breaches of duty, and cause of damage are so blatantly obvious that it would be common to the average lay person and even to reasonable members of a jury or the common public" also applies to Defendant Rohr.[13] Pl.'s Statement Re Expert Opinion at 2 [Doc. # 145].

In Arizona, a legal malpractice action is a claim for *negligence*. *Glaze v. Larsen*, 207 Ariz. 26, 29, 83 P.3d 26, 29 (2004); *Phillips v. Clancy*, 152 Ariz. 415, 418, 733 P.2d 300, 304 (Ct. App. 1987). "As with all negligence claims, a plaintiff asserting legal malpractice must prove the existence of a duty, breach of duty, that the defendant's negligence was the actual and proximate cause of injury, and the 'nature and extent' of damages." *Glaze*, 207 Ariz. at 29, 83 P.3d at 29 (citations omitted); *See also Phillips*, 152 Ariz. at 418, 733 P.2d at 304; *Mann v. GTCR Golder Rauner, LLC*, 351 B.R. 685, 702 (D. Ariz. 2006) (applying Arizona law). The Plaintiffs must establish: "(1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that

---

[13]This Court having dismissed Defendant Coughlin from this cause of action, will not consider the appropriateness of a preliminary expert affidavit as to her.

degree of skill, care and knowledge commonly exercised by members of the profession, (2) breach of that duty, (3) that such negligence was a proximate cause of resulting injury, and (4) the fact and extent of the injury." *Phillips*, 152 Ariz. at 418, 733 P.2d at 304. Whether Defendant Rohr fell below the standard of care for an attorney licensed to practice in the State of Arizona and that such professional negligence was the proximate cause of any proven injury is not blatantly obvious and requires expert witness testimony.[14] Accordingly, Amor must file and serve a preliminary expert affidavit pursuant to A.R.S. § 12-2602 on or before **April 15, 2010**.

## XII. MOTION FOR LEAVE TO SUPPLEMENT PLEADINGS AND NAME PROPER PARTIES FOR PARTIAL RECONSIDERATION

Amor seeks to amend her Third Amended Complaint and name additional defendants *inter alia* York County, Pennsylvania Office of Children Youth and Families, and individual defendants affiliated thereto. Amor alleges that the Pennsylvania defendants she seeks to add acted in concert with "officials from the State of Arizona and Dodds Family Defendants and his attorneys, deliberately conspired to violate state and federal laws and the Federal and State Constitutions to violate Plaintiff's substantive rights and compelling liberty interests to the care, protection, association, and society with [her] natural child." Pl.'s Mot. for Leave to Suppl. Pleadings and Name Proper Parties for Partial Reconsideration [Doc. # 200] at 5. As this Court has previously instructed Amor, a complaint must set forth a set of facts that serves to put defendants on

---

[14]The Court notes that Amor's reliance on the Rules of Professional Conduct is misplaced. In addition to the policy statement in the Preamble, the Arizona Supreme Court has unequivocally stated:

> We have similarly declined to use the court's own ethical standards as a basis upon which to impose legal malpractice liability. Ariz. R. Sup. Ct. 42, R. Prof. Resp., Preamble, Scope ¶ 20 (noting that rules of professional responsibility "are not designed to be a basis for civil liability"). While rules of professional conduct may provide evidence of how a professional would act, *they do not create a duty or establish a standard of care as a matter of law*.

*Stanley v. McCarver*, 208 Ariz. 219, 224 n.6, 92 P.3d 849, 854 n.6 (2004) (emphasis added).

notice as to the nature and basis of the claim(s). Fed. R. Civ. P. 8. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether Amor is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981).

Amor's motion is rife with legal conclusions. The Court notes that Amor filed a separate statement of facts in support of her motion. *See* Pl.'s Statement of Facts in Support of Mot. for Leave to Suppl. Pleadings. This pleading fails to comply with the Federal Rules of Civil Procedure, and the facts alleged therein are based on events occurring in 2006, 2007 and 2008. Rule 15(a)(2) instructs federal courts to "freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). This mandate is not without limits, however. Leave to amend may be denied based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Amor has had more than ample opportunity to amend her Complaint. Her initial Complaint was filed on September 27, 2006. Since then this Court has allowed multiple amendments and attempted to provide Amor sufficient information to properly plead her claims. The allegations Amor seeks to add are not recent, and Amor provides no reason why she did not allege them sooner. Furthermore, Defendants will be unduly prejudiced if this Court continues to allow Amor to attempt to start the litigation process over again. Memories of witnesses and other evidence risk being lost as more time passes. Accordingly, Plaintiff's Motion for Leave to Supplement Pleadings and Name Proper Parties for Partial Reconsideration; Memorandum of Points and Authorities [Doc. # 200] is DENIED.

. . .

. . .

. . .

### XIII. PLAINTIFF'S MOTION FOR LEAVE TO CLARIFY &/OR AMEND CAUSES OF ACTION

Amor seeks to amend her Third Amended Complaint to add an additional cause of action pursuant to Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 *et seq.* Again, Amor's motion is rife with legal conclusions. Rule 15(a)(2) instructs federal courts to "freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). This mandate is not without limits, however. Leave to amend may be denied based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). As noted *supra*, Amor has had more than ample opportunity to amend her Complaint. Her initial Complaint was filed on September 27, 2006. Since then this Court has allowed multiple amendments and attempted to provide Amor sufficient information to properly plead her claims.[15] Amor fails to provide any factual basis for her claims. Moreover, claims against individual defendants, that have already been deemed *not* to be state actors, *e.g.* Defendant Dodds,[16] would be futile. Furthermore, Defendants will be unduly prejudiced if this Court continues to allow Amor to attempt to start the litigation process over again. Accordingly, Plaintiff's Motion for Leave to Amend Clarify &/or Amend Causes of

---

[15]Although Amor states that "new circuit case law supporting standards of liability" support her claims, the cases cited are inapposite here. Pl.'s Mot. for Leave to Amend Clarify &/or Amend Causes of Action [Doc. # 204] at 1. The case Amor relies upon to establish a private cause of action under § 794, 29 U.S.C. was decided in 1980, and therefore cannot be considered "new." *See Kling v. County of Los Angeles*, 633 F.2d 876 (9th Cir. 1980).

[16]Notwithstanding the fact the Defendant Dodds has been dismissed from the current litigation.

Action (*Sec 504 Rehabilitation Act, 29 U.S.C. § 794 et seq*) Memorandum of Points & Authorities [Doc. # 204] is DENIED.

## XIV. PLAINTIFF'S MOTION FOR ECF REGISTRATION & ELECTRONIC NOTICE

Amor requests permission to electronically file documents. "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Polices and Procedures Manual." ECF Administrative Policies and Procedures Manual, Section II.B.3. Amor has not provided the necessary information to this Court.[17] Therefore, Plaintiff's Motion for ECF Registration & Electronic Notification [Doc. # 206] will be DENIED without prejudice.

## XV. PLAINTIFF'S FIRST MOTION TO EXTEND TIME FOR SERVICE UPON DEFENDANTS COUGHLIN & WELLS.

Amor seeks additional time to serve Defendants Coughlin and Wells. As discussed *supra*, this Court declined to extend the time for Amor to serve Defendant Coughlin. Amor has failed to provide any information about any attempts to serve or otherwise locate Defendant Wells. This Court already ordered Amor to serve Defendant Wells, and explicitly warned her of the consequences of not abiding by the Court's Order. *See* Order. 2/27/09 [Doc. # 143] at 45. Accordingly, the Court declines to extend the time for service as to Defendant Wells. Plaintiff's First Motion to Extend Time for Service

---

[17]The ECF Administrative Policies and Procedures Manual, Section II.B.3 provides a sample motion which will provide this Court with all necessary information. The ECF Administrative Policies and Procedures Manual can be found online at the United States District Court, District of Arizona website (http://www.azd.uscourts.gov/), under the Electronic Case Filing tab.

Upon Defendants Coughlin & Wells Memorandum of Points & Authorities [Doc. # 207] is DENIED.

**XVI.   MOTION FOR EQUITABLE RELIEF AND DAMAGES.**

Amor seeks to reassert claims previously dismissed by this Court.  She claims that because she removed her state court cause of action there is no state court judgment to be reviewed.  Amor seeks relief from a state court child support order.  As previously stated by this Court, the *Rooker-Feldman* Doctrine precludes a district court from reviewing state court judgments.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005).  This includes the state court child custody order.  Furthermore, The United States Supreme Court has articulated a "domestic relations exception" to the diversity statute.  *Ankenbrandt v. Richards*, 504 U.S. 689, 701-3, 112 S.Ct. 2206, 2214-5, 119 L.Ed.2d 468 (1992).  This exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees."  *Id.* at 703, 112 S.Ct. at 2215.  The Court has further interpreted this exception to mean "that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12, 124 S.Ct. 2301, 2309, 159 L.Ed.2d 98 (2004) (citations omitted).  Because this Court has already ruled upon this issue and determined that it lacks jurisdiction, Amor is warned that further attempts to revive these claims will result in sanctions, which may include striking of her Third Amended Complaint.  Accordingly, Plaintiff's Motion for Equitable Relief and Damages [Doc. # 214] is DENIED.

. . .

. . .

. . .

## XVII. MOTION FOR INJUNCTIVE & DECLARATORY RELIEF & FOR MONETARY DAMAGES.

Amor seeks to amend her Third Amended Complaint, and reassert all claims that have previously been dismissed. Upon screening of Amor's Third Amended Complaint, this Court did not grant further leave to amend. Indeed, service upon the defendants for the discernable claims was directed, and Answers or other responsive pleadings have been filed. Amor is hereby notified that further attempts to amend her Third Amended Complaint without properly seeking leave of this Court pursuant to Rule 15, Federal Rules of Civil Procedure will result in sanctions, which may include striking of her Third Amended Complaint. Amor is further warned that if this Court strikes her Third Amended Complaint, this cause of action will be dismissed *in its entirety*. Accordingly, Plaintiff's Motion for Injunctive & Declaratory Relief & for Monetary Damages [Doc. # 215] is DENIED.

## XVIII. MOTION TO STRIKE.

Amor seeks to strike oppositions by Defendant Baker and Defendant ADES to her Motion for Leave to Clarify &/or Amend Causes of Action (*Sec 504 Rehabilitation Act, 29 U.S.C. § 794 et seq*) Memorandum of Points & Authorities because they were untimely. Amor is correct that the time for a response to a motion is fourteen (14) days; however, this would have made defendants response due on January 1, 2010, a legal holiday. Rule 6(a)(1)(C), Federal Rules of Civil procedure states "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, January 4, 2010 would be the end of the fourteen (14) day response period. Additionally, three (3) mailing days are to be added "after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). This would have made defendants' responses due on January 7, 2010. The responses were filed on January 8, 2010. The Court does not find the one day delay sufficient grounds for striking the oppositions.

Furthermore, the Court finds it disingenuous for Amor to seek to abolish application of the procedural rules and timelines as to her, but at the same time use them as a sword against opposing parties. The Court declines to allow such gamesmanship. Plaintiff's Reply to Oppositions & Motion to Strike [Doc. # 216] is DENIED.

## XIX. PRE-FILING SCREENING.

Defendant Baker seeks an Order from this Court enjoining Amor from further filings unless screened by this Court. This Court has the inherent power to control its docket and "[i]n the exercise of that power [it] may impose sanctions" including dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quotations omitted). Baker relies on Ninth Circuit precedent regarding vexatious litigants which is inapposite to the current circumstance. *See DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1999). This Court is reluctant to deny Amor access to the Court at this stage of the litigation. Amor is warned, however, that future filings **must** comply with the Federal Rules of Civil Procedure, including any Local Rules of this Court. Furthermore, if Amor files frivolous motions, the Court will impose sanctions, including but not limited to attorneys fees and costs for the expense of opposing the frivolous motion. As such, Defendant Baker's Request for Order Requiring Pre-filing Screening of Plaintiff's Subsequent Filings [Doc. # 217] is DENIED.

## XX. CROSS-MOTION TO ENJOIN COLLECTIVE ABUSIVE LITIGATION TACTICS

Amor complains of defendants filing of joinders to motions or oppositions brought by one defendant and seeks to enjoin this practice. Amor's motion is without merit. Defendants actions in this litigation have been wholly proper. Amor is reminded that litigation is not a one-way street. Defendants have the right to defend against allegations in a court of law. Amor's status as a *pro se* litigant is immaterial to this right. As such, each and every defendant has the right to respond to motions filed by Amor in this

litigation.  If each defendant decides to join in a single response instead of individually filing a response, that is an acceptable procedure.  Accordingly, Amor's Cross-Motion to Enjoin Defendants from Collective Abusive Litigation Tactics [Doc. # 222] is DENIED.

Accordingly, IT IS HEREBY ORDERED:

1.    Amor's Motion to Appoint Counsel/Next Friend and to Extend Time to File Motion for Reconsideration [Doc. #150] is DENIED IN PART without prejudice and GRANTED IN PART;

2.    Amor's Motion for Reconsideration [Doc. # 157] is DENIED;

3.    Dodds's Motion to Dismiss [Doc. # 149] is GRANTED;

4.    Dodds's Request for Oral Argument Re Motion to Dismiss [Doc. #190] is DENIED;

5.    ADES's Motion for Extension of Time to Answer Third Amended Complaint [Doc. # 163] is GRANTED.  ADES shall file its Answer or other responsive pleading **within thirty (30) days from the date of this Order**;

6.    Goodsite's Motion to Require Preliminary Expert Affidavit Pursuant to A.R.S. § 12-2603(D) [Doc. # 167] is GRANTED.  Amor shall file and serve a preliminary expert affidavit relating to Dr. Goodsite pursuant to A.R.S. § 12-2603 on or before **April 15, 2010**.

7.    Amor's Motion to Unseal Docs 66 & 67 Notice of Submission Into the Record [Doc. # 177] is DENIED.

8.    Amor's  Motion to Unseal Documents 99, 100, 101 & Request for Judicial Notice [Doc. # 187] is DENIED.

9.    ADES's Notice of Withdrawal of Motion for Emergency Stay [Doc. # 185] is GRANTED.  Defendant ADES's Emergency Motion for Stay of Case Proceedings (Contingent Upon Budget) [Doc. # 182] is WITHDRAWN.

10.    Plaintiff's Waiver of Service & Request for Leniency on Filing Deadlines [Doc. # 193] is DENIED.

11. Defendant Coughlin's Motion to Dismiss for Insufficiency of Service of Process [Doc. # 195] is GRANTED. Defendant Coughlin is DISMISSED WITHOUT PREJUDICE.

12. Amor shall file and serve a preliminary expert affidavit as to attorney Rohr pursuant to A.R.S. § 12-2602 on or before **April 15, 2010**.

13. Amor's Motion for Leave to Supplement Pleadings and Name Proper Parties for Partial Reconsideration; Memorandum of Points and Authorities [Doc. # 200] is DENIED.

14. Amor's Motion for Leave to Amend Clarify &/or Amend Causes of Action (*Sec 504 Rehabilitation Act, 29 U.S.C. § 794 et seq*) Memorandum of Points & Authorities [Doc. # 204] is DENIED.

15. Amor's Motion for ECF Registration & Electronic Notification [Doc. # 206] is DENIED WITHOUT PREJUDICE.

16. Plaintiff's First Motion to Extend Time for Service Upon Defendants Coughlin & Wells Memorandum of Points & Authorities [Doc. # 207] is DENIED.

17. Amor's Motion for Equitable Relief and Damages [Doc. # 214] is DENIED.

18. Amor's Motion for Injunctive & Declaratory Relief & for Monetary Damages [Doc. # 215] is DENIED.

19. Plaintiff's Reply to Oppositions & Motion to Strike [Doc. # 216] is DENIED.

20. Defendant Baker's Request for Order Requiring Pre-filing Screening of Plaintiff's Subsequent Filings [Doc. # 217] is DENIED.

21. Amor's Cross-Motion to Enjoin Defendants from Collective Abusive Litigation Tactics [Doc. # 222] is DENIED.

DATED this 12th day of March, 2010.

Cindy K. Jorgenson
United States District Judge